**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ADVANTAGE HOLDCO, INC., *et al.*, | Case No. 20-11259 (JTD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF AGENDA OF MATTERS SCHEDULED FOR TELEPHONIC
HEARING ON JUNE 29, 2020 AT 3:00 P.M. (EASTERN TIME) BEFORE
THE HONORABLE JOHN T. DORSEY, U.S. BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE[2]**

**RESOLVED MATTER**

1.      Motion of Element Fleet Corporation for Relief from the Automatic Stay, Adequate Protection and Related Relief (Filed June 11, 2020) [Docket No. 152]

Related Document:

   (a)      Agreed Order Granting Motion of Element Fleet Corporation for Relief from the Automatic Stay, Adequate Protection, and Related Relief (Entered June 23, 2020) [Docket No. 213]

Response Deadline:   June 19, 2020 at 4:00 p.m. (ET), extended until June 23, 2020 at 4:00 p.m. for the Debtors

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Advantage Holdco, Inc. (4832); Advantage Opco, LLC (9101); Advantage Vehicles LLC (6217); E-Z Rent A Car, LLC (2538); Central Florida Paint & Body, LLC (1183); Advantage Vehicle Financing LLC (7263); and RAC Vehicle Financing, LLC (8375).  The Debtors' address is 2003 McCoy Road, Orlando, Florida 32809

[2]      The telephonic hearing will be held before The Honorable John T. Dorsey at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.  Any person who wishes to appear at the telephonic hearing must contact COURTCALL, LLC at 866-582-6878 to register his/her telephonic appearance in accordance with the Instructions for Telephonic Appearances Effective January 5, 2005, Revised May 11, 2018. Counsel presenting at the hearing via zoom Meeting, https://debuscourts.zoomgov.com/j/1605364948, Meeting ID: 160 536 4948, Passcode: 676751, must also participate in CourtCall for audio, in accordance with the instructions set forth in the Notice Regarding Videoconferencing During the Implementation of COVID-19 Court Procedures and Delaware Bankruptcy Court Video Appearance Procedures.

Responses Received:

      (a)    Informal comments of the Debtors

Status:      An order has been entered resolving this matter.  No hearing is necessary.

## MATTER WITH CERTIFICATION OF COUNSEL / CERTIFICATE OF NO OBJECTION

2.      Debtors' Motion for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105(a) and 366 and Fed. R. Bankr. P. 6003 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment (Filed May 27, 2020) [Docket No. 6]

Related Documents:

      (a)    Interim Order (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment (Entered May 29, 2020) [Docket No. 54]

      (b)    Notice of Entry of Interim Order and Final Hearing with Respect to Debtors' Motion for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105(a) and 366 and Fed. R. Bankr. P. 6003 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment (Entered June 1, 2020) [Docket No. 78]

      (c)    Certification of No Objection Regarding Debtors' Motion for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105(a) and 366 and Fed. R. Bankr. P. 6003 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment (Filed June 24, 2020) [Docket No. 260]

Response Deadline:   June 19, 2020 at 4:00 p.m. (ET)

Responses Received: None

Status:         A certification of no objection has been filed with regards to this motion.
                No hearing is necessary unless the Court directs otherwise.

3.      Debtors' Motion for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105(a),
        363(b), 1107, and 1108 and Fed. R. Bankr. P. 6003 Authorizing Debtors to (I) Pay Their
        Prepetition Insurance Obligations, (II) Pay Their Prepetition Bonding Obligations, (III)
        Maintain Their Postpetition Insurance Coverage, and (IV) Maintain Their Bonding
        Program (Filed May 27, 2020) [Docket No. 7]

        Related Documents:

                (a)     Interim Order Authorizing Debtors to (I) Pay Their Prepetition Insurance
                        Obligations, (II) Pay Their Prepetition Bonding Obligations, (III) Maintain
                        Their Postpetition Insurance Coverage, and (IV) Maintain Their Bonding
                        Program (Entered May 29, 2020) [Docket No. 55]

                (b)     Notice of Entry of Interim Order and Final Hearing with Respect to
                        Debtors' Motion for Entry of Interim and Final Orders Under 11 U.S.C.
                        §§ 105(a), 363(b), 1107, and 1108 and Fed. R. Bankr. P. 6003 Authorizing
                        Debtors to (I) Pay Their Prepetition Insurance Obligations, (II) Pay Their
                        Prepetition Bonding Obligations, (III) Maintain Their Postpetition
                        Insurance Coverage, and (IV) Maintain Their Bonding Program (Filed
                        June 1, 2020) [Docket No. 81]

                (c)     Certification of No Objection Regarding Debtors' Motion for Entry of
                        Interim and Final Orders Under 11 U.S.C. §§ 105(a), 363(b), 1107, and
                        1108 and Fed. R. Bankr. P. 6003 Authorizing Debtors to (I) Pay Their
                        Prepetition Insurance Obligations, (II) Pay Their Prepetition Bonding
                        Obligations, (III) Maintain Their Postpetition Insurance Coverage, and
                        (IV) Maintain Their Bonding Program (Filed June 24, 2020) [Docket No.
                        259]

        Response Deadline:      June 19, 2020 at 4:00 p.m. (ET), extend until June 23, 2020 for
                                International Fidelity Insurance Company and Allegheny Casualty
                                Company.

        Responses Received: None

        Status:         A certification of no objection has been filed with regards to this motion.
                        No hearing is necessary unless the Court directs otherwise.

4.      Debtors' Motion for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105(a), 363(b), 507(a)(8) and 541 and Fed. R. Bankr. P. 6003 Authorizing Payment of Certain Prepetition Sales Taxes and Fees (Filed May 27, 2020) [Docket No. 9]

Related Documents:

(a)     Interim Order Under 11 U.S.C. §§ 105(a), 363(b), 506(a), 507(a)(8) and 541 and Fed. R. Bankr. P. 6003 Authorizing Payment of Prepetition Sales Taxes and Fees (Entered May 29, 2020) [Docket No. 60]

(b)     Notice of Entry of Interim Order and Final Hearing with Respect to Debtors' Motion for Entry of Interim and Final Order Under 11 U.S.C. §§ 105(a), 363(b), 507(a)(8) and 541 and Fed. R. Bankr. P. 6003 Authorizing Payment of Certain Prepetition Sales Taxes and Fees (Filed June 1, 2020) [Docket No. 77]

(c)     Certification of No Objection Regarding Debtors' Motion for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105(a), 363(b), 507(a)(8) and 541 and Fed. R. Bankr. P. 6003 Authorizing Payment of Certain Prepetition Sales Taxes and Fees (Filed June 24, 2020) [Docket No. 261]

Response Deadline:    June 19, 2020 at 4:00 p.m. (ET)

Responses Received: None

Status:    A certification of no objection has been filed with regards to this motion. No hearing is necessary unless the Court directs otherwise.

5.      Debtors' Motion for Entry of Debtors' Authority to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of Petition Date (Filed June 5, 2020) [Docket No. 122]

Related Documents:

(a)     Certification of Counsel Regarding Proposed Order Authorizing the Debtors to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of Petition Date (Filed June 24, 2020) [Docket No. 258]

Response Deadline:    June 19, 2020 at 4:00 p.m. (ET)

Responses Received:

(a)     Informal comments received from the Office of the United States Trustee

4

Status:         A certification of counsel has been filed with regards to this motion.  No hearing is necessary unless the Court directs otherwise.

6.      Debtors' Application for Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code (I) Authorizing the Debtors to Retain Mackinac Partners, LLC to Provide the Debtors with a Chief Restructuring and Related Services, Nunc Pro Tunc to the Petition Date and (II) Approving the Agreement Related Thereto (Filed June 5, 2020) [Docket No. 123]

Related Documents:

(a)     Certification of Counsel Regarding Debtors' Application for Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code (I) Authorizing the Debtors to Retain Mackinac Partners, LLC to Provide the Debtors with a Chief Restructuring and Related Services, Nunc Pro Tunc to the Petition Date and (II) Approving the Agreement Related Thereto (Filed June 24, 2020) [Docket No. 259]

Response Deadline:    June 19, 2020 at 4:00 p.m. (ET)

Responses Received:

(a)     Informal comments received from the Office of the United States Trustee

Status:         A certification of counsel has been filed with regards to this application. No hearing is necessary unless the Court directs otherwise.

## MATTERS GOING FORWARD

7.      Debtors' Motion for Entry of Order Under 11 U.S.C. §§ 105(a), 345, 363, and 364, Fed. R. Bankr. P. 6003, and Del. Bankr. L.R. 2015-2 (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (II) Authorizing Continuation of Existing Deposit Practices, (III) Authorizing Continuation of Intercompany Transactions, and (IV) Granting Administrative Status to Postpetition Intercompany Claims (Filed May 27, 2020) [Docket No. 8]

Related Documents:

(a)     Interim Order (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (II) Authorizing Continuation of Existing Deposit Practices, (III) Authorizing Continuation of Intercompany Transactions, and (IV) Granting Administrative Status of Postpetition Intercompany Claims (Entered May 29, 2020) [Docket No. 57]

(b)     Notice of Entry of Interim Order and Final Hearing with Respect to Debtors' Motion for Entry of an Order Under 11 U.S.C. §§ 105(a), 345, 363, and 364, Fed. R. Bankr. P. 6003, and Del. Bankr. L.R. 2015-2 (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (II) Authorizing Continuation of Existing Deposit Practices, (III) Authorizing Continuation of Intercompany Transactions, and (IV) Granting Administrative Status of Postpetition Intercompany Claims (Filed June 1, 2020) [Docket No. 76]

Response Deadline:    June 19, 2020 at 4:00 p.m. (ET)

Responses Received:

(a)     Limited Objection of the Consortium of Airports to Debtors': (1) Motion for Entry of Interim and Final Orders Under Section 150(A) and 363(c)(1) of the Bankruptcy Code and Bankruptcy Rule 6003 (I) Authorizing but Not Directing, Debtors to Continue to Operate Their On-Airport Locations and Pay Prepetition Claims in the Ordinary Course; (II) Authorizing and Directing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payments; and (III) Granting Related Relief (D.I. No. 12); (2) Motion for Entry of Order Under 11 U.S.C. §§ 105(A), 345, 363, and 364, Fed. R. Bankr. P. 6003 and Del. Bankr. L.R. 2015-2 (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (II) Authorizing Continuation of Existing Deposit Practices, (III) Authorizing Continuation of Intercompany Transactions, and (IV) Granting Administrative Status of Postpetition Intercompany Claims (D.I. No. 8; and (3) Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (D.I. No. 13) (Filed June 19, 2020) [Docket No. 181]

(b)     Limited Objection to the Airport Motion (Dkt. No. 12), Cash Management Motion (Dkt. No. 8); and DIP Motion (Dkt. No. 13) (Filed June 23, 2020) [Docket No. 207]

Status:  This matter will be going forward.

8.     Debtors' Motion for Entry of Interim and Final Order Under 11 U.S.C. §§ 105(a), 363(b), 363(c), 364, 507(a), 541, 1107(a), and 1108 and Fed. R. Bankr. P. 6003 (I) Authorizing Payment of Certain Prepetition Workforce Obligations, Including Compensation, Benefits, Expense Reimbursements, and Related Obligations, (II) Confirming Right to Continue Workforce Programs on Postpetition Basis, (III) Authorizing Payment of

Withholding and Payroll-Related Taxes, (IV) Authorizing Payment of Prepetition Claim owing to Administrators of, or Third Party Providers Under, Workforce Programs, and (V) Directing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payments (Filed May 27, 2020) [Docket No. 11]

Related Documents:

(a)    Interim Order Under 11 U.S.C. §§ 105(a), 363(b), 363(c), 364, 507(a), 541, 1107(a), and 1108 and Fed. R. Bankr. P. 6003 (I) Authorizing Payment of Certain Prepetition Workforce Obligations, Including Compensation, Benefits, Expense Reimbursements, and Related Obligations, (II) Confirming Right to Continue Workforce Programs on Postpetition Basis, (III) Authorizing Payment of Withholding and Payroll-Related Taxes, (IV) Authorizing Payment of Prepetition Claims Owing to Administrators of, or Third Party Providers Under, Workforce Programs, and (V) Directing Banks to Honor Prepetition Checks and Fund Transfers For Authorized Payments (Entered May 29, 2020) [Docket No. 61]

(b)    Notice of Entry of Interim Order and Final Hearing with Respect to Debtors' Motion for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105(a), 363(b), 363(c), 364, 507(a), 541, 1107(a), and 1108 and Fed. R. Bankr. P. 6003 (I) Authorizing Payment of Certain Prepetition Workforce Obligations, Including Compensation, Benefits, Expense Reimbursements, and Related Obligations, (II) Confirming Right to Continue Workforce Programs on Postpetition Basis, (III) Authorizing Payment of Withholding and Payroll-Related Taxes, (IV) Authorizing Payment of Prepetition Claims Owing to Administrators of, or Third Party Providers Under, Workforce Programs, and (V) Directing Banks to Honor Prepetition Checks and Fund Transfers For Authorized Payments (Filed June 1, 2020) [Docket No. 80]

Response Deadline:    June 19, 2020 at 4:00 p.m. (ET)

Responses Received: None

Status:  The motion is uncontested.  The Debtors intend to submit an order under certification of counsel.  This matter will not be going forward.

9.    Debtors' Motion For Entry of Interim and Final Orders Under Sections 105(a) and 363(c)(1) of the Bankruptcy Code and Bankruptcy Rule 6003 (I) Authorizing, But Not Directing, Debtors to Continue to Operate Their On-Airport Locations and Pay Prepetition Claims in the Ordinary Course; (II) Authorizing and Directing Banks to Honor Prepetition Checks and Fund Transfers For Authorized Payments; and (III) Granting Related Relief (Filed May 27, 2020) [Docket No. 12]

Related Documents:

(a)     Interim Order Under Sections 105(a) and 363(c)(1) of the Bankruptcy Code and Bankruptcy Rule 6003 (I) Authorizing, But Not Directing, Debtors to Continue to Operate Their On-Airport Locations and Pay Prepetition Claims in the Ordinary Course; (II) Authorizing and Directing Banks to Honor Prepetition Checks and Fund Transfers For Authorized Payments; and (III) Granting Related Relief (Entered May 29, 2020) [Docket No. 64]

(b)     Notice of Entry of Interim Order and Final Hearing with Respect to Debtors' Motion For Entry of Interim and Final Orders Under Sections 105(a) and 363(c)(1) of the Bankruptcy Code and Bankruptcy Rule 6003 (I) Authorizing, But Not Directing, Debtors to Continue to Operate Their On-Airport Locations and Pay Prepetition Claims in the Ordinary Course; (II) Authorizing and Directing Banks to Honor Prepetition Checks and Fund Transfers For Authorized Payments; and (III) Granting Related Relief (Filed June 1, 2020) [Docket No. 79]

Response Deadline:     June 19, 2020 at 4:00 p.m. (ET), extend for City and County of Denver until June 24, 2020 at 12:00 p.m. (ET)

Responses Received:

(a)     Limited Objection of the Consortium of Airports to Debtors': (1) Motion for Entry of Interim and Final Orders Under Section 150(A) and 363(c)(1) of the Bankruptcy Code and Bankruptcy Rule 6003 (I) Authorizing but Not Directing, Debtors to Continue to Operate Their On-Airport Locations and Pay Prepetition Claims in the Ordinary Course; (II) Authorizing and Directing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payments; and (III) Granting Related Relief (D.I. No. 12); (2) Motion for Entry of Order Under 11 U.S.C. §§ 105(A), 345, 363, and 364, Fed. R. Bankr. P. 6003 and Del. Bankr. L.R. 2015-2 (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (II) Authorizing Continuation of Existing Deposit Practices, (III) Authorizing Continuation of Intercompany Transactions, and (IV) Granting Administrative Status of Postpetition Intercompany Claims (D.I. No. 8); and (3) Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (D.I. No. 13) (Filed June 19, 2020) [Docket No. 181]

60915/0001-20706777v3

(b)     Limited Objection of the City and County of Denver, on behalf of Its Department of Aviation, to (1) Debtors' Motion for Entry of Interim and Final Orders Under Section 150(A) and 363(c)(1) of the Bankruptcy Code and Bankruptcy Rule 6003 (I) Authorizing, but Not Directing, Debtors to Continue to Operate Their On-Airport Locations and Pay Prepetition Claims in the Ordinary Course; (II) Authorizing and Directing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payments; and (III) Granting Related Relief (D.I. No. 12); and (2) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Docket No. 13) (Filed June 19, 2020) [Docket No. 182]

(c)     Limited Objection to the Airport Motion (Dkt. No. 12), Cash Management Motion (Dkt. No. 8); and Dip Motion (Dkt. No. 13) (Filed June 23, 2020) [Docket No. 207]

(d)     Informal comments received from CBRE

Status:  This matter will be going forward.

10.     Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Filed May 27, 2020) [Docket No. 13]

Related Documents:

(a)     Declaration of Matthew Pascucci in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Filed May 27, 2020) (Docket No. 14)

(b)     Interim (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Entered May 29, 2020) [Docket No. 68]

(c)     Notice of Entry of Interim Order and Final Hearing with Respect to Interim Order (I) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Filed June 1, 2020) [Docket No. 75]

Response Deadline:    June 19, 2020 at 4:00 p.m. (ET), extend until June 23, 2020 for International Fidelity Insurance Company and Allegheny Casualty Company.

Responses Received:

    (a)    Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Filed June 19, 2020) [Docket No. 179]

    (b)    Limited Objection of the Consortium of Airports to Debtors' (1) Motion for Entry of Interim and Final Orders Under Section 150(A) and 363(c)(1) of the Bankruptcy Code and Bankruptcy Rule 6003 (I) Authorizing but Not Directing, Debtors to Continue to Operate Their On-Airport Locations and Pay Prepetition Claims in the Ordinary Course; (II) Authorizing and Directing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payments; and (III) Granting Related Relief (D.I. No. 12); (2) Motion for Entry of Order Under 11 U.S.C. §§ 105(A), 345, 363, and 364, Fed. R. Bankr. P. 6003 and Del. Bankr. L.R. 2015-2 (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (II) Authorizing Continuation of Existing Deposit Practices, (III) Authorizing Continuation of Intercompany Transactions, and (IV) Granting Administrative Status of Postpetition Intercompany Claims (D.I. No. 8); and (3) Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (D.I. No. 13) (Filed June 19, 2020) [Docket No. 181]

    (c)    Limited Objection of the City and County of Denver, on behalf of its Department of Aviation (Filed June 19, 2020) [Docket No. 182]

    (d)    The Bancorp Bank's Limited Objection to he Debtors' DIP Financing Motion (Filed June 19, 2020) [Docket No. 183]

    (e)    Objection of Element Fleet Corporation to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final

10

Hearing Pursuant to Bankruptcy Rule 4001 (Filed June 19, 2020) [Docket No. 184]

(f)     Objection of HFC Acceptance, LLC and Westlake Flooring Company, LLC to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. Sections 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Filed June 20, 2020) [Docket No. 188]

(g)     Joinder of NextGear Capital Inc. to The Bancorp Bank's Limited Objection to Debtors' DIP Financing Motion (Filed June 21, 2020) [Docket No. 189]

(h)     DFW's Limited Objection to the Airport Motion (Dkt. No. 12), Cash Management Motion (Dkt. No. 8); and Dip Motion (Dkt. No. 13) (Filed June 23, 2020) [Docket No. 207]

(i)     International Fidelity Insurance Company and Allegheny Casualty Company's Limited Objection to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; (II) Granting Liens and Super-Priority Claims; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Filed May 27, 2020) [Docket No. 13] (Filed June 23, 2020) [Docket No. 210]

(j)     Informal comments from the Maricopa County Treasurer

Status:  This matter will be going forward.

11.     Debtors' Motion for Entry of (I) an Order (A) Authorizing and Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets, (B) Authorizing and Approving Procedures Related to the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale, (C) Scheduling Auction and Sale Approval Hearing, (D) Approving the Form and Manner of the Notice of the Sale Hearing, and (E) Granting Related Relief, and (II) an Order (A) Approving the Sale of the Debtors' Assets, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (C) Granting Related Relief (Filed May 29, 2020) [Docket No. 69]

Related Documents:

(a)     Declaration of Alfred C. Farrell, Chief Financial Officer of Advantage Holdco, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (Filed May 28, 2020) [Docket No. 15]

(b)     Order Shortening the Time for Notice of the Hearing to Consider Bidding
        Procedures in Debtors Motion for Entry of (I) An Order (A) Authorizing
        and Approving Bidding Procedures in Connection with the Sale of The
        Debtors Assets, (B) Authorizing and Approving Procedures Related to
        The Assumption and Assignment of Executory Contracts and Unexpired
        Leases in Connection with the Sale, (C) Scheduling Auction and Sale
        Approval Hearing, (D) Approving the Form and Manner of The Notice of
        The Sale Hearing, and (E) Granting Related Relief, and (II) An Order (A)
        Approving The Sale of The Debtors Assets, (B) Authorizing the
        Assumption and Assignment of Certain Executory Contracts and
        Unexpired Leases in Connection with The Sale, and (C) Granting Related
        Relief (Entered June 3, 2020) [Docket No. 92]

(c)     Amended Notice of Hearing on Debtors' Motion for Entry of (I) An Order
        (A) Authorizing and Approving Bidding Procedures in Connection with
        the Sale of The Debtors Assets, (B) Authorizing and Approving
        Procedures Related to the Assumption and Assignment of Executory
        Contracts and Unexpired Leases in Connection with The Sale, (C)
        Scheduling Auction and Sale Approval Hearing, (D) Approving the Form
        and Manner of The Notice of The Sale Hearing, and (E) Granting Related
        Relief, and (II) An Order (A) Approving the Sale of The Debtors Assets,
        (B) Authorizing the Assumption and Assignment of Certain Executory
        Contracts and Unexpired Leases in Connection with The Sale, and (C)
        Granting Related Relief (Filed June 4, 2020) [Docket No. 113]

(d)     Notice of Filing Revised Bidding Procedures Order (Filed June 9, 2020)
        [Docket No. 138]

(e)     Declaration of Matthew Pascucci in Support of Debtors' Motion for Entry
        of (I) An Order (A) Authorizing and Approving Bidding Procedures in
        Connection with the Sale of the Debtors' Assets, (B) Authorizing and
        Approving Procedures Related to the Assumption and Assignment of
        Executory Contracts and Unexpired Leases in Connection with the Sale,
        (C) Scheduling Auction and Sale Approval Hearing, (D) Approving the
        Form and Manner of the Notice of the Sale Hearing, and (E) Granting
        Related Relief (Filed June 9, 2020) [Docket No. 139]

(f)     Order (A) Authorizing and Approving Bidding Procedures in Connection
        with the Sale of The Debtors Assets, (B) Authorizing and Approving
        Procedures Related to the Assumption and Assignment of Executory
        Contracts and Unexpired Leases in Connection with the Sale, (C)
        Scheduling Auction and Sale Approval Hearing, (D) Approving the Form
        and Manner of the Notice of the Sale Hearing, and (E) Granting Related
        Relief (Entered June 15, 2020) [Docket No. 167]

(g)     Notice of Bidding Procedures, Auction Date, and Sale Hearing Relating to the Sale of Debtors' Assets (Filed June 16, 2020) [Docket No. 170]

(h)     Notice of (I) Possible Treatment of Executory Contracts and Leases, (II) Fixing of Cure Amounts and (III) Deadlines to Object (Filed June 16, 2020) [Docket No. 172]

(i)     Notice of Filing of (I) Proposed Order (A) Approving Sale of Debtors Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts and (C) Granting Related Relief and (II) Asset Purchase Agreement (Filed June 18, 2020) [Docket No. 177]

(j)     Supplemental Notice of (I) Possible Treatment of Executory Contracts and Leases, (II) Fixing of Cure Amounts and (III) Deadlines to Object (Filed June 22, 2020) [Docket No. 190]

(k)     Certificate of Publication of Notice of Bidding Procedures, Auction Date and Sale Hearing (Filed June 22, 2020) [Docket No. 193]

(l)     Notice of Virtual Auction (Filed June 23, 2020) [Docket No. 194]

(m)     Notice of Rescheduled Virtual Auction (Filed June 23, 2020) [Docket No. 214]

(n)     Notice of Rescheduled Virtual Auction (Filed June 24, 2020) [Docket No. 264]

Response Deadline:    June 8, 2020 at 4:00 p.m. (ET), extended to the hearing for any committee appointed in these cases; and extend until June 24, 2020 at 4:00 p.m. (ET).

Responses Received:

(a)     Informal comments received from the Office of the United States Trustee

(b)     Informal comments from ConRAC Facility Maintenance

(c)     The Bancorp Bank's Limited Objection to the Debtors' Bidding Procedures Motion (Filed June 5, 2020) [Docket No. 121]

(d)     International Fidelity Insurance Company and Allegheny Casualty Company's Limited Objection to Debtors' Motion for Entry of (I) an Order (A) Authorizing and Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets, (B) Authorizing and Approving Procedures Related to the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale, (C)

Scheduling Auction and Sale Approval Hearing, (D) Approving the Form and Manner of the Notice of the Sale Hearing, and (E) Granting Related Relief, and (II) an Order (A) Approving the Sale of the Debtors' Assets, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (C) Granting Related Relief (Filed June 8, 2020) [Docket No. 130]

(e)     Objection of Element Fleet Corporation to Debtors' Motion for Entry of (I) an Order (A) Authorizing and Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets, (B) Authorizing and Approving Procedures Related to the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale, (C) Scheduling Auction and Sale Approval Hearing, (D) Approving the Form and Manner of the Notice of the Sale Hearing, and (E) Granting Related Relief, and (II) an Order (A) Approving the Sale of the Debtors' Assets, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (C) Granting Related Relief (Filed June 8, 2020) [Docket No. 137]

(f)     Objection to Assumption Notice and Reservation of Rights with Respect to Assumption and Assignment of Contracts filed by American Traffic Solutions Consolidated, LLC, Highway Toll Administration, LLC (Filed June 22, 2020) [Docket No. 191]

(g)     Objection of the City of Austin, Texas to Debtors' Proposed Cure Amount and Reservation of Rights (Filed June 23, 2020) [Docket No. 195]

(h)     Objection of Broward County, Florida, to Debtors' Proposed Cure Amount and Reservation of Rights (Filed June 23, 2020) [Docket No. 196]

(i)     Objection to Assumption Notice and Reservation of Rights with Respect to Assumption and Assignment of Contracts (Filed June 23, 2020) [Docket No. 198]

(j)     Objection of Hillsborough County Aviation Authority to Debtors' Proposed Cure Amount and Reservation of Rights (Filed June 23, 2020) [Docket No. 200]

(k)     Objection of The Port of Seattle to Notice of (I) Possible Treatment of Executory Contracts and Leases, (II) Fixing of Cure Amounts and (III) Deadlines to Object (Filed June 23, 2020) (Docket No. 201]

(l)     Objection to Assumption Notice and Reservation of Rights with Respect to Assumption and Assignment of Contracts (Filed June 23, 2020) [Docket No. 202]

14

(m)     Objection of the Raleigh-Durham Airport Authority to Debtors' Proposed Cure Amount and Reservation of Rights (Filed June 23, 2020) [Docket No. 203]

(n)     Objection of the City of Phoenix, Arizona to Debtors' Proposed Cure Amount and Reservation of Rights (Filed June 23, 2020) [Docket No. 204]

(o)     Objection to Assumption and Assignment of Executory Contracts (Filed June 23, 2020) [Docket No. 205]

(p)     Objection of the City of Atlanta to Debtors' Proposed Cure Amount and Reservation of Rights (Filed June 23, 2020) [Docket No. 206]

(q)     Objection of the San Diego Regional Airport Authority to Debtors' Proposed Cure Amount and Reservation of Rights (Filed June 23, 2020) [Docket No. 208]

(r)     Objection of Clark County, Nevada to Debtors' Proposed Cure Amount and Reservation of Rights (Filed June 23, 2020) [Docket No. 209]

(s)     Objection of SRB Properties LLC to Cure Amount Set Forth in the Notice of (I) Possible Treatment of Executory Contracts and Leases, (II) Fixing of Cure Amounts and (III) Deadlines to Object (Filed June 23, 2020) [Docket No. 211]

(t)     Objection of 1101 Astoria Boulevard LLC to Cure Amount Set Forth in the Notice of (I) Possible Treatment of Executory Contracts and Leases, (II) Fixing of Cure Amounts and (III) Deadlines to Object (Filed June 23, 2020) [Docket No. 212]

(u)     The Texas Comptroller of Public Accounts' Limited Objection to Debtors' Motion for Entry of (I) an Order (A) Authorizing and Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets, (B) Authorizing and Approving Procedures Related to the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale, (C) Scheduling Auction and Sale Approval Hearing, (D) Approving the Form and Manner of the Notice of the Sale Hearing, and (E) Granting Related Relief, and (II) an Order (A) Approving the Sale of the Debtors' Assets, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (C) Granting Related Relief (Filed June 24, 2020) [Docket No. 253]

60915/0001-20706777v3

(v)   Objection of Wells Fargo Equipment Finance, Inc. to Debtors Proposed Cure Amount and Reservation of Rights (Filed June 24, 2020) [Docket No. 254]

(w)   Objection of the City and County of Denver, on Behalf of its Department of Aviation, to Certain Cure Amounts Set Forth In the Notice of (I) Possible Treatment of Executory Contracts and Leases, (II) Fixing of Cure Amounts and (III) Deadlines to Object (Filed June 24, 2020) [Docket No. 257]

(x)   Informal Comment of Southwest Airlines

Status:  This matter will be going forward.

12.   [SEALED] Debtors' Motion for Entry of Order (I) Honoring Prepetition Retention Program and Authorizing Payment of Retention Bonuses; (II) Approving Key Employee Retention Plan and Key Employee Incentive Plan, and (III) Granting Related Relief (Filed June 5, 2020) [Docket No. 124]

Related Documents:

(a)   [Redacted] Debtors' Motion for Entry of Order (I) Honoring Prepetition Retention Program and Authorizing Payment of Retention Bonuses; (II) Approving Key Employee Retention Plan and Key Employee Incentive Plan, and (III) Granting Related Relief (Entered June 5, 2020) [Docket No. 125]

Response Deadline:   June 19, 2020 at 4:00 p.m. (ET), extend until June 22, 2020 for Official Committee of Unsecured Creditors

Responses Received:

(a)   Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Order (I) Honoring Prepetition Retention Program and Authorizing Payment of Retention Bonuses; (II) Approving Key Employee Retention Plan and Key Employee Incentive Plan, and (III) Granting Related Relief (Filed June 23, 2020) [Docket No. 199]

(b)   Informal comments from the Office of the United States Trustee

Status:  This matter will be going forward.

13.   Motion of the Debtor for Entry of an Order Authorizing Debtors to File Under Seal Exhibit 1 to Debtors' Motion for Entry of Order (I) Honoring Prepetition Retention Program and Authorizing Payment of Retention Bonuses; (II) Approving Key Employee

16

Retention Plan and Key Employee Incentive Plan, and (III) Granting Related Relief (Filed June 5, 2020) [Docket No. 126]

Response Deadline:    June 19, 2020 at 4:00 p.m. (ET)

Responses Received:

    (a)    Informal comments received from the Office of the United States Trustee

Status:  This matter will be going forward.

14.    Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Cole Schotz P.C. as Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date (Filed June 5, 2020) [Docket No. 127]

Related Documents:

Response Deadline:    June 19, 2020 at 4:00 p.m. (ET)

Responses Received:

    (a)    Informal Comments from the Office of the United States Trustee

Status:  This matter will be going forward.

15.    HFC Acceptance, LLC and Westlake Flooring Company, LLC Motion for Order (I) Compelling Assumption or Rejection of Unexpired Leases Pursuant to 11 U.S.C. Section 365; (II) Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. Section 362; and (III) Granting Related Relief (Filed June 23, 2020) [Docket No. 215]

Related Documents:

    (a)    Declaration of Paul Kerwin in Support of HFC Acceptance, LLC and Westlake Flooring Company, LLC Motion for Order (I) Compelling Assumption or Rejection of Unexpired Leases Pursuant to 11 U.S.C. Section 365; (II) Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. Section 362; and (III) Granting Related Relief (Filed June 23, 2020) [Docket No. 216]

    (b)    Declaration of Jeff Brodsky in Support of HFC Acceptance, LLC and Westlake Flooring Company, LLC Motion for Order (I) Compelling Assumption or Rejection of Unexpired Leases Pursuant to 11 U.S.C. Section 365; (II) Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. Section 362; and (III) Granting Related Relief (Filed June 23, 2020) [Docket No. 217]

60915/0001-20706777v3

      (c)     Order Shortening the Notice and Objection Periods for Motion for Order (I) Compelling Assumption or Rejection of Unexpired Leases Pursuant to 11 U.S.C. Section 365; (II) Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. Section 362; and (III) Granting Related Relief (Entered June 24, 2020) [Docket No. 251]

Response Deadline:    June 29, 2020 at 12:00 p.m. (ET)

Responses Received:

Status:  This matter will be going forward.

Dated: June 25, 2020
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
jalberto@coleschotz.com
npernick@coleschotz.com
kstickles@coleschotz.com
preilley@coleschotz.com

– and –

Stuart Komrower (admitted pro hac vice)
Court Plaza North
P.O. Box 800, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
skomrower@coleschotz.com

– and –

Taylre C. Janak (admitted pro hac vice)
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
tjanak@coleschotz.com

*Proposed Counsel for Debtors and
Debtors in Possession*

60915/0001-20706777v3